UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANCIS MCCLENDON,

       Petitioner,

v.                                            Case No. 06-C-648

PAMELA WALLACE, Warden,

       Respondent.

**ORDER ON RULE 4 REVIEW**

The petitioner, Francis McClendon ("McClendon"), commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 2, 2006. According to his petition, McClendon was sentenced to five years imprisonment and five years extended supervision after being convicted of Substantial Battery in the Milwaukee County Circuit Court on July 23, 2001.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the

petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The face of McClendon's petition indicates that he was convicted by the Milwaukee County Circuit Court on July 23, 2001 after entering a plea of nolo contendere. It appears that three years later, in October of 2004, McClendon filed a motion in the trial court seeking to withdraw his plea. That motion was denied. The Wisconsin Court of Appeals affirmed the denial of McClendon's motion to withdraw his plea and the Wisconsin Supreme court denied review

Based on this, the court is concerned that McClendon's petition may not have been timely filed. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer McClendon's petition, it will order the parties to submit briefs addressing only the issue of timeliness.

**NOW THEREFORE IT IS ORDERED** that on or before July 28, 2006, the respondent submit a brief addressing the timeliness of McClendon's habeas petition;

**IT IS FURTHER ORDERED** that on or before August 31, 2006, the petitioner file a brief in response to the respondent's brief.

**SO ORDERED** this 5th day of June 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge